# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Smart Motion Robotics, Inc., | ) | Case No. 14-82459 |
| | ) | |
| Debtor. | ) | Honorable Thomas M. Lynch |
| | ) | |
| | ) | Hearing Date/Time: August 13, 2014 at 10:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on **Wednesday, August 13, 2014 at 10:30 a.m.**, I shall appear before the Honorable Thomas M. Lynch, Bankruptcy Judge in Courtroom 3100, of the U.S. Courthouse, 327 South Church Street, Rockford, Illinois, or before any other Bankruptcy Judge who may be sitting in his stead and present the **AGREED MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL**, a copy of which is served on you and **DEBTOR'S MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL AND BENEFITS AND TO AUTHORIZE DEBTOR TO CONTINUE EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS** which will be served upon you.

Respectfully submitted,

Smart Motion Robotics, Inc.
Debtor and Debtor-in-Possession

By:    <u>s/ John A. Lipinsky</u>
One of its Attorneys

John A. Lipinsky - ARDC: 6207678
Maureen A. Maffei - ARDC: 6274541
Coman & Anderson, P.C.
650 Warrenville Rd., Ste. 500
Lisle, Illinois 60532
T: (630) 428-2660
F: (630) 428-2549

Proposed Counsel for the Debtor and
Debtor-in-Possession

{00052582}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Smart Motion Robotics, Inc., | ) | Case No. 14-82459 |
| | ) | |
| Debtor. | ) | Honorable Thomas M. Lynch |
| | ) | |
| | ) | Hearing Date/Time: August 13, 2014 at 10:30 a.m. |

### AGREED MOTION FOR ENRY OF AN INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL

Smart Motion Robotics, Inc., debtor and debtor-in-possession ("Debtor" or "SMR"), hereby moves this Court (the "Motion") for entry of an order (a) pursuant to §363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to use cash collateral to satisfy payroll and other obligations of the Debtor; and (b) setting a final hearing date pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor states as follows.

### BACKGROUND

1. On August 8, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No creditors committee has been appointed in this case. Likewise, no trustee or examiner has been appointed.

3. The Debtor is an Illinois corporation that was formed in 1996 and has approximately 15 full time employees. The Debtor provides industrial robotic systems for food

{00052582}

production companies. The Debtor has operational systems in 16 states in the United States of America and also has operational systems in Central and South America.

## JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested herein are Sections 105, 361 and 363 of the Bankruptcy Code.

## PRE-PETITION LOANS AND SECURITY

5. Prior to the Petition Date, Richard A. Voell ("Lender"), made certain loans to the Debtor as evidenced by (1) a Secured Promissory Note dated November 4, 2010, in the original principal amount of One Hundred and Fifty Thousand Dollars and 00/100 ($150,000.00) from Lender, as amended, modified and restated from time to time, the last amendment evidenced by Amendment No. 3 to Amended and Restated Secured Promissory Note dated June 2, 2011 (together, the "Note"), whereby the amount of the indebtedness was increased to Four Hundred and Seventy-Five Thousand Dollars and 00/100 ($475,000.00) (the "Pre-Petition Financing") and (2) a Security Agreement dated November 4, 2010 (the "Security Agreement"), as amended, modified and restated, whereby the Debtor granted a security interest in and lien as to the Lender in all of the personal property of the Debtor, which includes but is not limited to, inter alia: (a) all accounts; (b) all chattel paper; (c) all inventory; (d) all equipment; (e) all instruments; (f) all general intangibles, including intellectual property rights, along with other assets of the Debtor (collectively, the "Pre-Petition Collateral") and the Lender perfected its interest in the Pre-Petition Collateral by recording a UCC Financing Statement on June 6, 2011 with the Illinois Secretary of State which is identified as 09114412.

6.  The Lender asserts, and the Debtor concedes, that the Debtor was, as of the Petition Date, justly and lawfully indebted to the Lender under the Pre-Petition Financing in the aggregate principal amount of approximately $475,000.00, together with accrued and unpaid interest and costs and expenses, including, without limitation, attorneys' fees, other professional fees and disbursements (the "Pre-Petition Indebtedness"). The Lender further asserts and the Debtor further concedes that the Debtor is liable to the Lender for the Pre-Petition Indebtedness.

7.  The interest of Lender in the Cash Collateral is adequately protected by the value of the collateral in which it will assert a security interest. It is further protected by the maintenance and continued operation of the business, the payment of insurance and utilities, along with the Debtor's performance of its duties to keep records and make deposits under Bankruptcy Rule 2015, the Debtor's satisfaction of the United States Trustee's filing and reporting requirements, and the Debtor's compliance with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. There will be no diminution in the value of the secured creditor's collateral through the date of the final hearing.

8.  The Debtor further offers, as additional adequate protection of this interest in cash collateral, monthly payments as were due pre-petition in accordance with its loan documents, and the Court's condition that the Debtor's use of cash collateral in accordance with the Budget attached hereto as Exhibit 1. Finally the Debtor will agree that the Lender's security interest in the Debtor's collateral shall create a valid lien in all of the Debtor's post-petition collateral to the same extent as pre-petition.

9.  As further adequate protection for the Use of the Cash Collateral, the Debtor shall pay to the Lender, starting on September 15, 2014, on a monthly basis, TWO THOUSAND

DOLLARS AND 00/100 ($2,000.00) with such payments being due on the 15th day of each month.

10.     An immediate and critical need exists for the Debtor to be permitted access to funds. Without such funds, the Debtor will not be able to pay its payroll which is due on August 15, 2014 or pay utilities, insurance, etc. and other direct operating expenses. It will not be able to successfully continue operation and effect the rehabilitation of its business, and the Debtor, its estate and its stockholders will be irreparably harmed.

## **RELIEF REQUESTED**

11.     By this Motion, and as more specifically set forth in the Proposed Interim Order, the Debtor requests, among other things:

   a) authorization to grant Lender security interest in all of the Debtor's currently owned and after acquired property to secure the Debtor's obligations to the same extent that Lender perfected its security interest pre-petition;

   b) authorization to grant the Adequate Protection Liens in the Post-Petition Collateral to the same extent Lender had pre-petition;

   c) authorization to use Lender's Cash Collateral, pursuant to Section 363 of the Bankruptcy Code and pursuant to the terms of the Interim Order and related Budget;

   d) authorization to use the proceeds of the Cash Collateral for the purpose set forth in the Interim Order; and

   e) a final hearing on the Emergency Motion pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure.

{00052582} 4

## BASIS FOR RELIEF

**A.    Legal Standards.**

12.    Section 363(c)(2) of the Bankruptcy Code provides that a Debtor "may not use, sell, or lease cash collateral...unless (A) each entity that has an interest in such cash collateral consents, or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." 11 U.S.C. §363(c).

13.    Pending a final hearing on the Motion, the Court may authorize the requested relief if (i) such relief is necessary to avoid immediate and irreparable harm, including the threatened loss of business, see eg., In re Ames Department Stores, Inc., 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990), and (ii) the Debtor establishes a reasonable likelihood of proving that the Lender's interests will be protected adequately under Section 363(e).

14.    If there will be no diminution in the value of the secured creditor's collateral through the date of the final hearing, and the debtor can operate profitably post-petition, the secured creditor is adequately protected for the use of its cash collateral. See In re Pursuit Athletic Footwear, Inc., 193 B.R. 713, 716 (Bankr. D. Del. 1996) (citations omitted).

**B.    The Debtor will be Forced to Shut Down Their Operations and Liquidate; and Thus Suffer Immediate and Irreparable Harm, if the Motion is Not Granted.**

15.    The Debtor needs cash to operate. Accordingly, if the Debtor is not allowed to use its cash deposits its business will be shut down.

16.    If the Court denies the Debtor's request for interim authority to use cash collateral the Debtor will suffer immediate and irreparable harm to its business.

**C.    Good Faith.**

17.    The Cash Collateral use and terms of the Cash Collateral use and adequate protection arrangements are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration.

**D.    Notice of Interim and Final Hearing.**

18.    Notice of this Motion has been given to: (a) the Office of the United State Trustee for this District, (b) Lender and (c) the 20 largest unsecured creditors of the Debtor filed under Fed. R. Bankr. P. 1007(d).  In light of the nature of the relief requested, the Debtor submits that no further notice need be given.

19.    The Debtor requests it be authorized to serve a copy of the signed interim order authorizing the use of cash collateral which fixes the time and date for filing objections, if any, by first class mail upon (i) counsel to any official committee of unsecured creditors appointed in this case; (ii) the Office of the United States Trustee for this District, (iii) counsel for Lender; (iv) the 20 largest unsecured creditors of the Debtor listed pursuant to Fed. R. Bankr. P. 1007(d) at their last known addresses; (v) all parties that have filed appearances in this case; and (vi) all other parties ordered by the Court.  The Debtor requests that the Court consider such notice of the final hearing to be sufficient under Bankruptcy Rule 4001.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter the attached Interim Order and grant such other relief as this Court may deem just and proper.

                    Smart Motion Robotics, Inc.

                    Debtor and Debtor-in-Possession

By:    *s/* John A. Lipinsky
        One of its Attorneys


John A. Lipinsky - ARDC: 6207678
Maureen A. Maffei - ARDC: 6274541
Coman & Anderson, P.C.
650 Warrenville Rd., Ste. 500
Lisle, Illinois 60532
T: (630) 428-2660
F. (630) 428-2549

Proposed Counsel for the Debtor
and Debtor-in-Possession