# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Smart Motion Robotics, Inc., | ) | Case No. 14-82459 |
| | ) | |
| Debtor. | ) | Honorable Thomas M. Lynch |
| | ) | |
| | ) | Hearing Date/Time: August 20, 2014 at 10:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on **Wednesday, August 20, 2014 at 10:30 a.m.**, I shall appear before the Honorable Thomas M. Lynch, Bankruptcy Judge in Courtroom 3100, of the U.S. Courthouse, 327 South Church Street, Rockford, Illinois, or before any other Bankruptcy Judge who may be sitting in his stead and present the **MOTION FOR INTERIM AND FINAL ORDERS (I) DETERMINING THAT UTILITY COMPANIES HAVE BEEN PROVIDED WITH ADEQUATE ASSURANCE OF PAYMENT, AND (II) APPROVING ADEQUATE ASSURANCE PROCEDURES**, a copy of which is served on you.

Respectfully submitted,

Smart Motion Robotics, Inc.
Debtor and Debtor-in-Possession

By:   *s/ John A. Lipinsky*
      One of its Attorneys

John A. Lipinsky
ARDC: 6207678
Maureen A. Maffei
ARDC: 6274541
Coman & Anderson, P.C.
650 Warrenville Rd., Ste. 500
Lisle, Illinois 60532
T: (630) 428-2660
F. (630) 428-2549

Proposed Counsel for the Debtor and
Debtor-in-Possession

{00054549}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Smart Motion Robotics, Inc., | ) | Case No. 14-82459 |
| | ) | |
| Debtor. | ) | Honorable Thomas M. Lynch |
| | ) | |
| | ) | Hearing Date/Time: August 20, 2014 at 10:30 a.m. |

**MOTION FOR INTERIM AND FINAL ORDERS (I) DETERMINING THAT UTILITY COMPANIES HAVE BEEN PROVIDED WITH ADEQUATE ASSURANCE OF PAYMENT, AND (II) APPROVING ADEQUATE ASSURANCE PROCEDURES**

Smart Motion Robotics, Inc. (the "Debtor") hereby moves this Court for entry of (i) an interim order (the "Interim Order") and (ii) a final order ("Final Order") pursuant to Sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"): a) prohibiting utility providers (each a "Utility Provider" and collectively the "Utility Providers") from altering, refusing or disconnecting services to the Debtor, except as set forth herein; b) deeming the Utility Providers adequately assured of future performance; and c) establishing procedures for resolving requests for additional adequate assurance of future payment to the Utility Providers. In support of this Motion, the Debtor states as follows.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

2. On August 8, 2014 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession. No trustee, examiner or committee has been appointed in this case.

3. The Debtor continues in possession of its property and continues to operate and maintain its business as a debtor-in-possession pursuant §§1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or examiner and no official committee has been established in these cases.

5. The Debtor was formed in 1996 to provide automation equipment to the information packaging industry. In 2000, the Debtor changed its focus to providing industrial robotic systems for various industries, but in 2005 re-focused on robotics specifically for food production companies. The Debtor has operational systems in 16 states across North America and in Central and South America. As a result, these systems have become integral to its customer's food production operations and safety.

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks entry of: (i) an Interim Order and (ii) a Final Order: a) prohibiting Utility Providers from altering, refusing or disconnecting services to the Debtor on account of pre-petition invoices, including the making of demands for security deposits or accelerated payment terms; b) providing that the Utility Providers have "adequate assurance of payment" within the meaning of Section 366 of the Bankruptcy Code based, *inter alia*, on the Debtor's establishment of a segregated account containing an amount equal to fifty percent (50%) of the Debtor's estimated average monthly cost of utility service, which may be adjusted by the Debtor for reasons specified herein following the final hearing on this Motion;

and c) establishing procedures for resolving requests for additional adequate assurance and authorizing the Debtor to provide adequate assurance of future payment to the Utility Providers.

7. The Debtor's access to uninterrupted Utility Services is essential to its ongoing operations and therefore, to the conduct of this case. Should a Utility Company refuse or discontinue Utility Services, even for a brief period, the Debtor's business operations could be severely disrupted. If such disruption occurred, the impact on the Debtor's business operations and revenue would be extremely harmful and would jeopardize the Debtor's restructuring efforts. It is, therefore, critical that the Utility Services continue uninterrupted.

A. **Debtors' Pre-Petition Relationship with the Utility Companies**

8. In the normal conduct of its business operations, the Debtor receives service from many Utility Providers for the provision of natural gas, electric, water, computer network and internet access, cellular phones and telephone services (collectively, the "Utility Services"). The Utility Providers include, without limitation, the entities set forth on the list attached hereto as Exhibit A (the "Utilities Providers List"). The Utility Providers provide service to the Debtor's corporate office.

B. **Adequate Assurance Proposal**

9. Section 366(b) of the Bankruptcy Code prohibits utilities from altering, refusing or disconnecting service to a debtor for the first twenty (20) days of a bankruptcy case. However, pursuant to Section 366(c)(2) of the Bankruptcy Code, in a Chapter 11 case, a utility provider may refuse or discontinue service to a debtor after the first thirty (30) days if the debtor has not furnished the utility provider with adequate assurance of future payment.

10. The Debtor intends to pay all post-petition obligations to the Utility Providers in a timely manner, consistent with the ordinary course of operating its business. However, to

provide adequate assurance of payment for future services to the Utility Providers as set forth in Section 366(c) of the Bankruptcy Code, the Debtor proposes to deposit an initial sum equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services (the "Adequate Assurance Account") within twenty (20) days of the Petition Date, pending further order of this Court. Debtor's approximate monthly spending on Utility Services is $3,124.89. Therefore the Adequate Assurance Deposit will be approximately $1,562.46.

11. The Debtor further proposes to maintain the Adequate Assurance Account with a minimum balance equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services through the final hearing on the Motion. Thereafter, the Debtor proposes to adjust the amount of the Adequate Assurance Account to reflect several factors: (i) the termination of Utility Services by the Debtor regardless of any Additional Assurance Requests (as defined below), (ii) agreements with Utility Providers, and (iii) to remove from the monthly spending figure cited in paragraph 10, supra, any amount spent on Utility Services from Utility Providers that already hold deposits or other security from the Debtor for such Utility Service. These adjustments will permit the Debtor to maintain the Adequate Assurance Account with an amount that consistently provides the Utility Providers that do not otherwise hold deposits or security for their Utility Services with a half-monthly deposit on account for such services.

12. These protections ensure that all Utility Providers will have adequate assurance of payment throughout this case, and the Debtor believes that no other or further assurance is necessary. However, if any Utility Provider believes adequate assurance is required beyond the protections described herein, it must request such assurance pursuant to the procedures described below (the "Adequate Assurance Procedures").

C. **Proposed Adequate Assurance Procedures**

13. If a Utility Company is not satisfied that the proposed Adequate Assurance provides them with adequate assurance of payment for future services, the Debtor proposes the following procedures (the "Adequate Assurance Procedures") for such Utility Company to make additional requests for adequate assurance:

   a. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request (an "Additional Assurance Request") so that it is received by the Debtor and its attorney within twenty (20) days after the entry of the Interim Order by the Court at the following addresses:

   > Smart Motion Robotics, Inc.
   > c/o Vickie Gilmore
   > 805 Thornwood Dr.
   > Sycamore, IL  60178
   >
   > Smart Motion Robotics, Inc.
   > Attn:  John A. Lipinsky
   > Coman & Anderson, P.C.
   > 650 Warrenville Rd., Ste. 500
   > Lisle, Illinois 60532

   b. Any Additional Assurance Request must (i) be made in writing (including the name and address of the Utility Company and the Debtor's Account Number, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits and (iv) set forth why the Utility Company believes the Adequate Assurance Proposal is not sufficient adequate assurance of future payment.

   c. Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance Request or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with such Utility Company to resolve such Additional Assurance Request.

   d. The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Company with additional

    adequate assurance of future payment, including but not limited to cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

  e. If the Debtor is unable to reach an alternative resolution with the Utility Company, the Debtor, within a reasonable time after receipt of the Additional Assurance Request, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (an "Objecting Utility Company") pursuant to Section 366(c)(3) of the Bankruptcy Code. Such hearing will be without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtor of a Utility Provider, the "Determination Hearing").

  f. Pending resolution of any such Determination Hearing, an Objecting Utility Company shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

  g. Any Utility Company that fails to make a timely additional Assurance Request shall be deemed to be satisfied that the Proposed Adequate Assurance constitutes adequate assurance of payment and such Utility Company shall be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 case. Absent compliance with the Adequate Assurance Procedures, the Utility Companies are forbidden to discontinue, alter or refuse service on account of any unpaid pre-petition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance pending entry of the Final Order.

14. The Debtor requests a final hearing on this Motion to be held within twenty-five (25) days of the Petition Date to ensure that, if a Utility Provider argues that it can unilaterally refuse service to the Debtor on the thirty-first (31st) day after the Petition Date, they will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Adequate Assurance Procedures in time to avoid any potential termination of Utility Services.

## DISCUSSION

15. The starting point for determining whether proposed adequate assurance for utilities is in fact adequate is Section 366 of the Bankruptcy Code. While the form of adequate

assurance of payment may be limited under Subsection 366(c) to the types of security enumerated in Subsection 366(c)(1)(A), the amount of the deposit or other form of security remains within the reasonable discretion of the Court[1]. It is well established that the requirement that a utility receive adequate assurance of payment does not require a guarantee of payment. See e.g., In re Caldor, Inc. – NY, 189 B.R. 13 (S.D.N.Y. 1996)(stating that "[s]ection 366(b) requires [a] Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'"(citation omitted). Instead, the protection granted to a utility is intended to avoid exposing the utility to an unreasonable risk of nonpayment. Mass. Elec. Co. v. Keydata Corp. (In re Keydata Corp.), 12 B.R. 156, 158 (1st Cir. B.A.P. 1981). Further, courts have recognized that, in determining what constitutes "adequate" assurance, a bankruptcy court must "focus upon the need of the utility for assurance, and…require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." Virginia Elec. & Power Co. v. Caldor, Inc. – NY, 117 F.3d 646, 650 (2d Cir. 1997) (quoting Penn Jersey, 72 B.R. at 985).

16.     The adequate assurance proposed to be provided by the Debtor in this Motion gives the Utility Providers ample assurance of payment in a well-precedented manner. The proposed Adequate Assurance Account provides concrete assurance of the Debtor's payment of their future obligations to the Utility Providers. That assurance alone satisfies Section 366's requirement for adequate assurance of payment.

17.     The Debtor proposes to protect the Utility Providers further by establishing the Adequate Assurance Procedure provided herein, under which any Utility Provider can request

---

[1] Section 366(c)(1)(A) provides that "assurance of payment" may be in the form of cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other form of security that is mutually agreed on between the utility and the debtor.

{00054549}                                            7

additional assurance in the event that it can demonstrate facts and circumstances that it will provide post-petition services to the Debtor that would merit greater protection.

18.  The mechanisms proposed in this Motion strike a reasonable, commonsense balance between providing "adequate assurance of payment for utility service that is satisfactory" as set forth in Section 366(c)(2) of the Bankruptcy Code, on the one hand, and the Debtor's well-recognized need to conserve cash for the use in their businesses on the other. The need to strike this balance has been acknowledged by courts and commentators since the 2005 amendments to Section 366. See, e.g., In re Syroco, Inc., 374 B.R. 60, 61 (Bankr. D.P.R. 2007)(holding that a court may order assurance of payment to a utility provider to be adequate absent objection from the utility provider); In re Beach House Property, LLC, 2008 WL 961498 (Bankr. S.D. Fla. 2008)(holding that a court may determine the form of adequate assurance to be provided to a utility provider absent agreement of the parties on the issue). In light of the need to strike that balance, Section 366 should "be read to require a utility to bargain in good faith with the trustee or debtor in possession before electing to discontinue service thereafter." See Bertrand Penn & Jennifer Taylor, Sustaining power: Applying 11 U.S.C. §366 in Chapter 11 Post –BAPCPA, 22 Bankr. Dev. J. 371, 382, 389 (2006)(stating that Congress's intent could not have been to allow a utility unfettered discretion in determining what constitutes a satisfactory assurance of payment, because such an interpretation would be "completely inconsistent with the purpose of 366" and that "reading 366(c) to require a utility to negotiate in good faith…would enable courts to give utilities deference in the negotiating process, but also prevent utilities from refusing to negotiate or making unreasonable demands in the negotiations process" and to have such requests adjudicated at a Determination Hearing absent an agreement with the Debtor.)

19. The Debtor, therefore, has proposed the Adequate Assurance Procedures as a reasonable procedure for the Utility Companies to request additional adequate assurance under any unique facts and circumstances that may exist. Separate negotiations with each of the Utility Companies with respect to adequate assurance would be time-consuming and unnecessarily divert the Debtor's personnel from other critical tasks related to the operation of its business and the restructuring. This is especially true during the first days of the Chapter 11 case. If the Debtor fails to reach early agreement with each Utility Company, the Debtor would have to file motions seeking expedited determinations as to adequate assurance or risk service termination. Accordingly, the Debtor submits that the Adequate Assurance Procedures provide a fair, reasonable, and orderly mechanism for the Utility Companies to seek additional adequate assurance, while temporarily maintaining the status quo for the benefit of all parties-in-interest.

20. Many Courts have granted relief similar to that requested herein – i.e. establishment of an adequate assurance deposit equal to 50% of monthly expenditures on utilities and comparable adequate assurances procedures – in other Chapter 11 cases pursuant to its powers under Sections 105(a) and 366 of the Bankruptcy Code. See, e.g. In re Linens Holdings Co., Case No. 08-10832 (CSS)(Bankr.D.Del. May 2, 2008 interim order), May 27, 2008 (final order); In re Hilex Poly Co, LLC, Case No. 08-10890 (KJC)(Bankr.D.Del May 7, 2008 interim order), May 22, 2008 (final order). The relief sought in this Motion thus represents a well-precedented and reasonable means of adequately assuring payment for the Utility Services while ensuring that the Debtor's businesses are permitted to operate without the prospect of disruptions that would result from the interruption of those services.

21. The relief requested in this Motion will ensure continued Utility Services to the Debtor, while providing Utility Companies with adequate assurance and a prompt forum of the

resolution of any dispute as to adequate assurance in a manner consistent with the spirit and intent of Section 366 of the Bankruptcy Code.

## NOTICE

22. The Debtor has served notice of this Motion on the (i) Office of the United States Trustee, (ii) the Debtor's twenty (20) largest unsecured creditors; (iii) all parties requesting notice in the case; and (iv) the Utility Providers, and submits that, given the nature of the relief requested and the absence of any adverse impact on any party in interest, no other or further notice need be given.

23. The Debtor requests that the Court schedule a final hearing to consider the relief requested herein (the "Final Hearing"). Upon entry of an Interim Order granting the relief requested herein, the Debtor proposes to serve a copy of the Interim Order and a notice of the Final Hearing (i) by overnight mail on each Utility Provider listed on the Utilities Service List attached as <u>Exhibit A</u> to the Motion and (ii) by regular mail on each party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtor requests that such service shall constitute adequate notice of the Final Hearing.

24. The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an Interim Order in substantially the form attached hereto, and a Final Order, in substantially the form attached hereto: (i) prohibiting Utility Providers from altering, refusing, or discontinuing services to the debtors on account of pre-petition amounts owed; (ii) deeming that the Utility Providers have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code, (iii) approving the Adequate Assurance Procedures and (iv) granting the Debtors such other relief as is just and proper.

Respectfully submitted,

**Smart Motion Robotics, Inc.**

**Debtor and Debtor-in-Possession**

By:    *s/* John A. Lipinsky
         One of its Attorneys

John A. Lipinsky - ARDC: 6207678
Maureen A. Maffei - ARDC: 6274541
Coman & Anderson, P.C.
650 Warrenville Rd., Ste. 500
Lisle, Illinois 60532
T: (630) 428-2660
F: (630)428-2549
E-Mail: JLipinsky@comananderson.com
*Proposed Counsel for the Debtor
and Debtor-in-Possession*

{00054549}                                     11