# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In Re  Smart Motion Robotics, Inc.           )
                                             )
                                             )  Bankruptcy No. _____14-82459_____
                                             )
                        Debtor.              )  Chapter _____11_____

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Clingen Callow & McLean, LLC_____

Authorized to Provide Professional Services to: _____Smart Motion Robotics, Inc., Debtor_____

Date of Order Authorizing Employment: _____June 17, 2015_____

Period for Which Compensation is Sought:
From _____October 11_____, __2016__  through _____January 19_____, __2017__

Amount of Fees Sought: $ 34,807.50

Amount of Expense Reimbursement Sought: $ 557.64

This is an:   Interim Application _____     Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 7/29/15 | 5/12/15 - 7/10/15 | 15,745.70 | 15,745.70 | 15,745.70 |
| 3/3/16 | 7/14/15 - 2/2/16 | 15,197.75 | 15,197.75 | 15,197.75 |
| 11/3/16 | 2/3/16 - 10/6/16 | 24,667.60 | 24,055.60 | 24,055.60 |

Dated: _____          _____/s/ John A. Lipinsky_____
                                                          (Counsel)

(Rev 11/19/10)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Smart Motion Robotics, Inc., | ) | Case No. 14-82459 |
| | ) | |
| Debtor. | ) | Honorable Thomas M. Lynch |

**CLINGEN, CALLOW & MCLEAN, LLC'S FINAL APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Clingen, Callow & McLean ("CCM"), by and through John A. Lipinsky, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") respectfully:  (i) makes application for compensation and reimbursement of expenses for the period of October 11, 2016 to January 19, 2017 (the "Application"); (ii) that the Application be granted as a Final Order; and (iii) for the entry of an Order making the interim fees and expenses awarded to Debtor's counsel a Final Order.  In support of this Application and request for Final Orders, CCM states as follows:

**Background**

1.    On August 8, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

2.    At all times relevant to this Application, the Debtor was in possession of its property and operated and maintained its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.    No request was made for the appointment of a trustee or examiner and no official committee was established in this case.

{00342043.DOC /v. 1}

4. The Debtor is an Illinois corporation that was formed in 1996 and has approximately 15 full-time employees. The Debtor provides industrial robotic systems for food production companies. The Debtor has operational systems in 16 states in the United States of America and also has operational systems in Central and South America.

5. Upon the request of Debtor, the Court, by Order dated September 25, 2014, appointed Coman & Anderson ("C&A"), as counsel for the Debtor to represent it in this Chapter 11 case retroactively to the Petition Date. (See Docket Entry 41).

6. On June 17, 2015, this Court entered an Order granting the Debtor's Motion to Substitute Counsel, allowing the law firm of Clingen, Callow & McLean, LLC ("CCM") to enter an appearance and replace C&A as Debtor's counsel, and allowing C&A to withdraw its appearance in this matter.

7. This Application is the fourth and final application filed by CCM, and seeks compensation as counsel for the Debtor for the time period of October 11, 2016 through January 19, 2017, and for reimbursement of expenses incurred during that period. CCM also requests entry of an order deeming this and all previous interim awards of compensation and expense reimbursement to CCM to be final.

8. No agreement or understanding exists with any entity other than CCM for the sharing of compensation.

9. CCM does not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. CCM has previously filed the Affidavit of John A. Lipinsky in Support of Applications to Retain CCM as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

10. CCM performed services for which it is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor or other person.

## JURISDICTION

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

### Case Status

12. On October 25, 2016, this Court entered an Order Conditionally Approving the Debtor's Third Amended Disclosure Statement [DE 233] subject to the Debtor making certain edits and filing a Fourth Amended Disclosure Statement by November 1, 2016. The Debtor complied by making the enumerated corrections and clarifications and filing its Fourth Amended Disclosure Statement on October 31, 2016 [DE 235].

13. On November 1, 2016 this Court entered an Order approving the Fourth Amended Disclosure Statement as containing adequate information. [D.E. 239]

14. Pursuant to the Court's November 1, 2016 Order, ballots were sent to all of the Debtor's creditors along with copies of the Disclosure Statement and Plan. Balloting was closed on December 20, 2016, and on January 11, 2017 the Debtor filed its Report of Balloting [D.E. 267].

15. One Objection to Confirmation was filed by a large judgment creditor of the Debtor on December 29, 2016 [D.E. 266]. In his Objection, creditor Raymond Michael Chuipek ("Chuipek") primarily argued that the Debtor's Plan had not been proposed in good faith because it was "merely a mechanism for the Debtor to primarily avoid paying" him. Chupiek attempted to support this claim by arguing two claims are improperly included in Class 5 and that the Plan

guarantees no recovery to the holders of Class 5 claims. Chuipek then concluded that the Debtor does not meet the requirements of §1129(a)(8) requiring the Plan to be crammed down pursuant to §1129(b).

16. The Debtor's Plan included two classes of claims which were entitled to vote: Class 1 and Class 3. The Ballot Report filed on January 11, 2017 [D.E. 267] details that the Plan was accepted by Class 1 and 3, satisfying the requirements of 11 U.S.C. §§1126 and 1129 and allowing the Debtor to seek to have its Plan confirmed.

17. On January 17, 2017, the Debtor filed its Response in Support of Confirmation of its Plan which also addressed Chuipek's Objection. [D.E. 269] The Response addressed each of the 16 requirements under §1129(a) which were applicable to its case to show each had been satisfied, supporting confirmation.

18. On January 19, 2017, a hearing on Confirmation of the Debtor's Fourth Amended Plan was held, and after consideration of the testimony and arguments before it, this Court denied Chuipek's objections and ordered that the Debtor's Plan would be confirmed. The Order Confirming Chapter 11 Plan was entered on January 25, 2017. [D.E. 274]

19. The Debtor has paid all quarterly fees due to the United States Trustee and all Monthly and Quarterly Operating Reports have been filed.

### Prior and Current Compensation

20. This Application represents fourth and final application for compensation and expense reimbursement that CCM has filed in this case.

21. On June 10, 2015, an Order was entered granting the Motion to Substitute Attorney, as Debtor's lead counsel, John A. Lipinsky, had changed firms and left Coman & Anderson, P.C. ("C&A") and was now a partner at the law firm of Clingen, Callow & McLean,

LLC ("CCM"). [D.E. 121]  On August 19, 2015, this Court entered an Order granting C&A's Third and Final Fee Application and making all interim awards to C&A final.

22.    On August 19, 2015, this Court entered an Order granting CCM's First Fee Application, allowing compensation in the amount of $15,525.50 and reimbursement of expenses in the amount of $220.20. [D.E. 147]

23.    On March 30, 2016, this Court entered an Order granting CCM's Second Fee Application, allowing compensation in the amount of $15,101.00 and reimbursement of $96.75 in expenses. [D.E. 180]

24.    On November 30, 2016, this Court entered an Order granting CCM's Third Fee Application, awarding compensation in the amount of $23,508.00 and reimbursement of $547.60 in expenses. [D.E. 251]

25.    By this Application, CCM seeks an interim and final award under Bankruptcy Code §330 for payment in the amount of $34,807.50 for services rendered to the Debtor in connection with this case during the period of October 11, 2016 through January 19, 2017, together with an award of $557.64 in reimbursement of expenses incurred by CCM during that same period.  In accordance with section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Chapter 11 case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

26.    CCM requests that this Court grant this Fourth Interim Request for Compensation and Reimbursement of Fees and enter an Order making this and all prior fee awards final.

## Nature of Legal Services Performed by CCM

27. In summary, CCM has assisted the Debtor in the administration of its estate and has performed the services set forth on the schedule attached hereto and made part hereof as Attachment C. Attachment C identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit C include, but are not limited to: providing legal advice to Debtor concerning management and operations as debtor-in-possession; representing Debtor in negotiations with various creditors and counsel for the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; serving and noticing of a substantial number of pleadings and papers in this case; and responding to inquiries from creditors. Significant time was spent formulating, drafting and editing the Disclosure Statement, Plan of Reorganization and their attendant financial projections, liquidation analysis. Other major areas of work included in this fourth and final application include balloting, preparing the Ballot Report and responding to an objection filed by a creditor and in support of confirmation as well as preparing for and participating in the hearing on confirmation.

28. As additional support of this Application, CCM has attached hereto the following items:

> Attachment A: Pursuant to Local Rule 5082-1(B)(e) and (f), Exhibit A is a summary sheet listing all CCM's attorneys and legal assistants who performed the services which are the subject of this Application, their position (e.g. attorney, legal assistant) their initials used in timekeeping, their respective hourly rates, the total time devoted by each lawyer or legal assistant to perform the services for the Debtor during the period covered by this Application, the total fees requested for the services performed by each listed lawyer or legal assistant, and the effective blended hourly rate at which the subject services were performed. Exhibit A also contains a statement of all compensation previously sought and allowed.

Attachment B: Chronological listing of the date of services, nature of services, professional performing the services and time expended.

Attachment C: Summary statement breakdown of principal activities and a breakdown of the total compensation sought for each person's work on each separate task for which CCM seeks compensation in this Application.

Attachment D: Chronological listing of advancements made and expenses incurred on behalf of the Debtor during the course of its representation, itemized by date, the nature of the expense and amount.

29. The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

30. The professional services rendered by CCM during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraphs 31 through 35 herein.

31. Case Administration: (Hours: 18.9; Fees: $4,207.50) This project category involves coordination and compliance activities; United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquiries and other miscellaneous activities necessary and attendant to the Chapter 11 case in general. A general breakdown is as follows:

| Name | Role | Effective Rate [1] | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $320.33 | 14.4 | $3,780.00 |
| Kimberly A. Haskell | Paralegal | $95.00 | 4.5 | $427.50 |
|  |  |  | 18.9 | $4,207.50 |

---

[1] Travel on behalf of the Debtor was billed at ½ (one half) the standard hourly rate.

32. <u>Plan and Disclosure Statement:</u> (Hours: 101.3; Fees: $26,136.00) This project category involved the formulation of the Debtor's plan and disclosure statement, including guidance in preparing financial projections and liquidation analysis. It also included preparing for and attending hearings on the adequacy of the Disclosure Statement; work to finalize same; activities to comply with Bankruptcy Rule 3017(d); compiling ballots for acceptance or rejection of the Plan and preparation of the Debtor's Report of Balloting; responding to filed objection to confirmation of the Plan; submitting a Response in Support of Plan Confirmation; preparing for the confirmation hearing; witness preparation and attendance at the hearing on confirmation. A general breakdown is as follows:

| Name | Role | Effective Rate[2] | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $360.00 | 41.4 | $14,904.00 |
| Kimberly A. Haskell | Paralegal | $187.33 | 59.5 | $11,146.00 |
| Jonathan D. Carlson | Attorney | $215.00 | 0.4 | $86.00 |
| Total | | | 101.3 | $26,136.00 |

33. <u>Fee and Employment Applications:</u> (Hours: 12.2; Fees $2,718.00) This project category encompasses the preparation of employment and fee applications, and in this case includes the Debtor's retained accountant and CCM. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $360.00 | 2.9 | $1,044.00 |
| Kimberly Haskell | Paralegal | $180.00 | 9.3 | $1,674.00 |
| Total | | | 12.2 | $2,718.00 |

34. <u>Asset Analysis and Recovery:</u> (Hours: 4.5; Fees $1,458.00) This project category encompasses identification and review of potential assets including causes of action and non-litigation recoveries. Primarily, this category involved an adversary action seeking to recover unpaid pre-petition amounts owed. A general breakdown is as follows:

---

[2] Ms. Haskell's rate increased on January 1, 2017 form $180 to $190 per hour.

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $360.00 | 3.6 | $1,296.00 |
| Kimberly Haskell | Paralegal | $180.00 | 0.9 | $162.00 |
| Total | | | 4.5 | $1,458.00 |

35. <u>Business Administration</u>: (Hours: 0.8  Fees $288.00) This project category encompasses issues related to debtor-in-possession operating in Chapter 11 such as employee, vendor and similar type issues. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $360.00 | 0.8 | $288.00 |
| Kimberly Haskell | Paralegal | $180.00 | 0.0 | $0.00 |
| Total | | | 0.8 | $288.00 |

36. It is CCM's policy to charge its clients in all areas of practice for the identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is CCM's policy to charge its clients only the amount actually incurred in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery and transportation.

**Statement of Legal Services and Expenses Pursuant to 11 U.S.C. §504 and Rule 2016(b) of the Rules of Bankruptcy Procedure Regarding this Application and the Request for Final Orders**

37. All of the services performed by CCM were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by CCM at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of CCM's services are compensable.

38. There has been no duplication of services by the members or associates of CCM. In those instances were two or more attorneys and/or paralegals participated in any matter, such joint participation was necessary because of the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

39. The rates at which CCM seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

40. No agreement exists between CCM and any third person for the sharing of compensation received by CCM in this case, except as allowed by the exception set forth in Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of CCM.

41. From October 11, 2016 through January 19,, 2017, CCM has devoted 137.7 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $36,171.00 and has incurred necessary expenses totaling $557.64.

WHEREFORE, Clingen, Callow & McLean, LLC respectfully requests that this Court:

    a. allow Clingen, Callow & McLean, LLC's compensation in the amount of $34,807.50 for services rendered in this case which represents time from October 11, 2016 through January 19, 2017;

    b. allow Clingen, Callow & McLean, LLC reimbursement in the amount of $557.64 for unreimbursed expenses advanced during that period;

    c. allow the application of the total sum of $35,365.14. which represents the total compensation and reimbursement requested herein for CCM's Fourth Interim Application;

    d.    deem all previous interim awards of compensation and expense reimbursement to Clingen, Callow & McLean, LLC. to be final; and

    e.    grant all other relief that is just and appropriate.

Respectfully submitted,

Clingen, Callow & McLean, LLC

By:   /s/ John A. Lipinsky

John A. Lipinsky
ARDC: 6207678
Clingen, Callow & McLean, LLC
2300 Cabot Drive, Suite 500
Lisle, Illinois 60532
(630) 871-2600
lipinsky@ccmlawyer.com