## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Smart Motion Robotics, Inc., | ) | Case No. 14-82459 |
| | ) | |
| Debtor. | ) | Honorable Thomas M. Lynch |

### MOTION FOR ENTRY OF A FINAL DECREE CLOSING THE CHAPTER 11 CASE

Smart Motion Robotics, Inc., the Reorganized Debtor ("Debtor") in the above captioned chapter 11 case, by and through its attorney, pursuant to 11 U.S.C. §350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure, hereby applies for entry of a final decree closing the above captioned Chapter 11. In support of this application, the Debtor states as follows:

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to §§ 1408 and 1409.

2. On August 8, 2014, the Debtor filed a voluntary case under Chapter 11 the Bankruptcy Code.

3. The Debtor's Fourth Amended Plan of Reorganization was confirmed on January 25, 2017. (DKT #274)

4. After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. *See* Fed. R. Bankr. P. 3022, 11 U.S.C. § 350.

5. Although the meaning of "fully administered" is not settled, courts have determined that it means "the point when the estate reaches substantial consummation as defined

by Section 1101(2) of the Bankruptcy Code." *In re Wade*, 991 F.2d 402, 407 n.2 (7th Cir. 1992).

Section 1101(2) of the Bankruptcy Code provides that:

> Substantial consummation means –
>
> (A) transfer of all or substantially all of the property proposed by the Plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtors under the Plan of the business or of management of all or substantially all of the property dealt with by the Plan; and
>
> (C) commencement of distribution under the Plan.

11 U.S.C.A. § 1101 (West)

6. Entry of final decree closing a Chapter 11 case should not be delayed solely because the payments required by the Plan have not been completed. Factors that the Court should consider in determining whether the estate has been fully administered include: (1) whether the order confirming the Plan has become final; (2) whether deposits required by the Plan have been distributed; (3) whether the property proposed by the Plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the Plan has assumed the business or the management of the property dealt with by the Plan; (5) whether payments under the Plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. *Wade*, 991 F.2d at 407 N.2. citing to *In re Mold Makers, Inc.*, 123 BR. 766, 768-69. (Bankr. N.D. Ill. 1990); *see also In re 1016 W. Hollywood, LLC.*, 2017 WL 217961 at #5 (Bankr. N.D. Ill. January 18, 2017).

7. The Debtor's estate has been fully administered for the following reasons:

> (A) The order confirming the Plan on January 25, 2017 has become final;
>
> (B) The Debtor's management team pursuant to the Plan has assumed the business and management of the property dealt with the Plan;

{00354453.DOCX /v. 1 }

      (C)      There are no unresolved motions, contested matters or adversary proceedings;

      (D)      The Debtor has paid all of the administrative priority claims of the bankruptcy estate;

      (E)      The Debtor has paid all of its Class 2 priority tax claims in full;

      (F)      The Debtor is making payments to its sole Class 3 secured creditor pursuant to the terms of the confirmed Plan; and

      (G)      The Debtor has not yet made, but expects to make payments to Class 5 general unsecured creditors starting this year pursuant to the terms of the confirmed Plan.

8. The Debtor is current on all amounts owed to the United States Trustee.

9. Accordingly, "it is time for the Debtor to get on with its business and leave the shadows of the Court. At this time, the Court need not deal with anything else in this case except for its closing and the entry of a final decree." *Mold Markers, Inc.*, 124 B.R. at 769.

10. Pursuant to Local Rule 3022-1, notice of this motion has gone to all creditors, the United States Trustee.

WHEREFORE, the Reorganized Debtor, Smart Motion Robotics, Inc., respectfully requests that this Honorable Court enter a final decree, closing the chapter 11 case and for such further relief as may be just and appropriate.

                                                                    Respectfully submitted,

                                                                      **SMART MOTION ROBOTICS, INC.**
                                                                      **Reorganized Debtor**

                                          By:    */s/ John A. Lipinsky*
                                                        One of its attorneys

John A. Lipinsky (ARDC:  6207678)
Clingen, Callow & McLean, LLC
2300 Cabot Drive, Suite 500
Lisle, Illinois 60532
(630) 871-2600
lipinsky@ccmlawyer.com

{00354453.DOCX /v. 1 }

3